# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-51137
Summary Calendar

D.C. Docket No. 4:91-CR-95-2

United States Court of Appeals
Fifth Circuit
**FILED**
June 30, 2017
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

REYMUNDO MONTOYA-ORTIZ,

    Defendant - Appellant

Appeal from the United States District Court for the
Western District of Texas, Pecos

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

## JUDGMENT

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-51137
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
June 30, 2017
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

　　　　　　　　　　　　　　　　　　Plaintiff–Appellee,

v.

REYMUNDO MONTOYA-ORTIZ,

　　　　　　　　　　　　　　　　　　Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:91-CR-95-2

Before REAVLEY, OWEN, and ELROD, Circuit Judges.

PER CURIAM:[*]

Reymundo Montoya-Ortiz, federal prisoner # 55702-080, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction pursuant to Amendments 505 and 782 to the Sentencing Guidelines. He argues that the district court erred in basing his original sentence on the erroneous drug quantity calculation in the presentence report, considered drugs outside of the scope of the conspiracy, and did not make individualized

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

findings on the drug quantity attributable to him. He asserts that the district court failed to address whether he was entitled to a sentence reduction under Amendment 505 and that the district court abused its discretion in finding he was not eligible for a two-level reduction under Amendment 782 and failed to give reasons for denying the motion. He contends that on direct appeal, this court should have remanded his case to the district court to reduce his offense level to 38 based on a finding that he was responsible for 220 kilograms of cocaine; he asserts that if the court had done so, he would currently be eligible for a sentence reduction under Amendment 782. Finally, he maintains that the court should remand the case for the district court to conduct an evidentiary hearing in order to make a drug quantity finding because the sentencing court's drug quantity finding was based on inaccurate or incomplete information.

We review for abuse of discretion a district court's decision whether to reduce a sentence pursuant to § 3582(c)(2). *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009). Amendments 505 and 782 did not have the effect of lowering Montoya-Ortiz's guidelines range. Therefore, he was not eligible for a sentence reduction under § 3582(c)(2). *See Dillon v. United States*, 560 U.S. 817, 826-27 (2010). Further, Montoya-Ortiz's claims regarding the validity of his original sentence are not cognizable in a § 3582(c)(2) motion. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). Because Montoya-Ortiz has not shown that there is a factual dispute concerning the drug quantity attributable to him, he is not entitled to an evidentiary hearing. *See Hernandez*, 645 F.3d at 712. Further, even if Montoya-Ortiz were eligible for a sentence reduction under Amendments 505 and 782, the district court would have "no obligation to reduce [his] sentence at all," or to mention the § 3553(a) factors and give any reasons when ruling upon his § 3582(c)(2) motion. *See*

*Evans*, 587 F.3d at 673-74. The district court did not abuse its discretion in denying Montoya-Ortiz's motion. *See Dillon*, 560 U.S. at 826-27.

Montoya-Ortiz has filed two § 3582(c)(2) motions seeking a sentence reduction under Amendment 782. Montoya-Ortiz is cautioned that future frivolous or repetitive filings in this court or any court subject to this court's jurisdiction will invite the imposition of sanctions, including dismissal, monetary sanctions, and/or restrictions on his ability to file pleadings in this court and any other court subject to this court's jurisdiction. He is further cautioned that he should review any pending appeals and actions and move to dismiss any that are frivolous.

AFFIRMED; SANCTION WARNING ISSUED.

# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

LYLE W. CAYCE
CLERK

TEL. 504-310-7700
600 S. MAESTRI PLACE
NEW ORLEANS, LA 70130

July 24, 2017

Ms. Jeannette Clack
Western District of Texas, Pecos
United States District Court
410 S. Cedar Street
U. S. Post Office & Courthouse
Room 203
Pecos, TX 79772-0000

      No. 16-51137    USA v. Reymundo Montoya-Ortiz
                             USDC No. 4:91-CR-95-2

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                            Sincerely,

                            LYLE W. CAYCE, Clerk

                            By: _____
                            Shawn D. Henderson, Deputy Clerk
                            504-310-7668

cc:
    Mr. Joseph H. Gay Jr.
    Mr. Reymundo Montoya-Ortiz